**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nathaniel GAITHER, Defendant–**
**Appellant.**

No. 02–5162.

United States Court of Appeals,
Sixth Circuit.

May 6, 2003.

Before: NELSON and COLE, Circuit Judges; ROSEN, District Judge.*

## ORDER

Nathaniel Gaither appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A federal jury found Gaither guilty of conspiring to distribute in excess of 500 kilograms of cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(b) and attempting to possess with intent to distribute in excess of 500 grams of co-

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

caine hydrochloride in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B).

This case involves a two-kilogram "reverse" cocaine deal in which Gaither and another man traveled from Macon, Georgia to Chattanooga, Tennessee to buy cocaine hydrochloride from a police officer who was working in an undercover capacity. On January 1, 2001, Gaither traveled to a rest area near East Right, Tennessee, and met with the undercover police officer. Gaither entered the officer's truck. The officer showed Gaither the cocaine and Gaither showed the officer the money indicating that he was prepared to buy the cocaine. As police officers converged on the undercover police vehicle, Gaither tried to escape by running into a nearby wooded area.

The police recorded the cocaine transaction and Gaither's attempted escape on video and audiotape. The government furnished a copy of the videotape to Gaither during pretrial discovery, but the audiotape could not be found and was presumed lost or destroyed.

Gaither moved the district court to dismiss all charges against him or, in the alternative, to suppress all precedent recordings from being used as evidence at trial based on the government's loss or inadvertent destruction of the audiotape made on January 1, 2001. The district court denied the motion to dismiss the indictment. With respect to Gaither's alternative argument, the district court denied the motion to suppress all other recordings because there is no authority to suppress other inculpatory evidence as a remedy for the loss of the audiotape. Gaither was found guilty at trial of conspiring to distribute in excess of 500 kilograms of cocaine hydrochloride and attempting to possess with intent to distribute in excess of 500 grams. The district court sentenced Gaither to 170 months of imprisonment and eight years of supervised release.

In his timely appeal, Gaither reasserts that the government failed to preserve an exculpatory audiotape recording and that the district court abused its discretion by not suppressing other recordings.

This court reviews de novo a judgment denying a motion to dismiss the indictment on the ground that the government failed to preserve exculpatory evidence. ·United States v. Wright, 260 F.3d 568, 570 (6th Cir.2001); United States v. Jobson, 102 F.3d 214, 217 (6th Cir.1996). Similarly, when reviewing a district court's decision on a motion to suppress, this court reviews de novo the district court's legal conclusions. United States v. Suarez, 263 F.3d 468, 476 (6th Cir.2001), cert. denied, 535 U.S. 991, 122 S.Ct. 1547, 152 L.Ed.2d 472 (2002). Factual findings are reviewed for clear error. Id.

To safeguard a defendant's due process right to present a complete defense, the Supreme Court has developed what might loosely be called the area of constitutionally guaranteed access to evidence. California v. Trombetta, 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). Separate tests are applied to determine whether the government's failure to preserve evidence rises to the level of a due process violation in cases where material exculpatory evidence is not accessible, id. at 488–89, versus cases where "potentially useful" evidence is not accessible. Arizona v. Youngblood, 488 U.S. 51, 57–58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988); Wright, 260 F.3d at 570.

■ When the state fails to preserve evidentiary material that might have exonerated the defendant, a defendant must show: 1) that the government acted in bad faith in failing to preserve the evidence; 2) that the exculpatory value of the evidence

was apparent before its destruction; and 3) that the nature of the evidence was such that the defendant would be unable to obtain comparable evidence by other means. *Youngblood,* 488 U.S. at 56 (emphasis added); *Jobson,* 102 F.3d at 218.

 "The presence or absence of bad faith by the police for purposes of the Due Process Clause must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." *Youngblood,* 488 U.S. at 57 n.*. When the government is negligent, or even grossly negligent, in failing to preserve potentially exculpatory evidence, bad faith is not established. *Monzo v. Edwards,* 281 F.3d 568, 580 (6th Cir. 2002); *Wright,* 260 F.3d at 571; *Jobson,* 102 F.3d at 218.

 Our review of the record and pleadings reveals no evidence to suggest that police officers had reason to think that the audiotape was exculpatory. Rather, there was every reason for police officers to believe that the audiotape was inculpatory, *see Elmore v. Foltz,* 768 F.2d 773, 777–78 (6th Cir.1985), and preservation of the simultaneously recorded videotape supports the contention that the police officers intended to preserve the audiotape, and that the loss or destruction of the tape was inadvertent or negligent. Finally, the nature of the evidence was not such that Gaither was unable to obtain comparable evidence by other means. Gaither testified at trial and presented to the jury his contention that the missing audiotape contained exculpatory evidence. The same contention was presented to the jury through Gaither's cross-examination of the government's witnesses. Thus, Gaither failed to make the required showing, *see Youngblood,* 488 U.S. at 57, of bad faith by the police for purposes of invoking the Due Process Clause.

 In the absence of bad faith on the part of police officers, there is no authority for suppressing the other audiotapes and videotapes just because one audiotape was lost or destroyed.

Accordingly, we hereby affirm Gaither's conviction and sentence.